**UNITED STATES COURT OF INTERNATIONAL TRADE**
**BEFORE:  HONORABLE TIMOTHY C. STANCEU, JUDGE**

---

SHAMROCK BUILDING MATERIALS, INC.,

        Plaintiff,

    v.

UNITED STATES,

        Defendant.

Court No. 20-00074

---

## ORDER

    **UPON** reading and filing defendant's motion to amend the Scheduling Order, plaintiff's memorandum in opposition thereto, and upon other papers and proceedings had herein, it is hereby:

    **ORDERED** that defendant's motion to amend the Scheduling Order be, and the same hereby is, denied; and it is further

    **ORDERED** that notwithstanding the foregoing, defendant shall have until November 3, 2021, to respond to plaintiff's Third Request for Production Directed to Defendant.


                                   _____
                                     Timothy C. Stanceu, Judge

Dated: _____
      New York, NY

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE:  HONORABLE TIMOTHY C. STANCEU, JUDGE

| | |
|---|---|
| SHAMROCK BUILDING MATERIALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Court No. 20-00074 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S**
**MOTION TO AMEND THE SCHEDULING ORDER**

On October 4, 2021, Defendant moved for an extension of time to complete factual

discovery.  *See* Defendant's Motion to Amend the Scheduling Order, Shamrock Building

Materials, Inc. v. United States, No. 20-00074 (Ct. Int'l Trade Oct. 4, 2021), ("Def.'s Mot.")

ECF No. 24.  Pursuant to Rules 6, 7, and 16 of the United States Court of International Trade,

Plaintiff, Shamrock Building Materials, Inc. ("Plaintiff" or "Shamrock"), hereby respectfully

objects to Defendant's Motion to Amend the Scheduling Order.[1]  Good cause does not exist to

grant the requested extension.

According to Defendant, "given the scientific technical, and specialized nature of Dr.

Jackson's knowledge, the Government had intended on conducting the deposition of Dr. Jackson

during the expert discovery period."  Def.'s Mot. at 2.  However, as discussed below, Shamrock

notified Defendant that it intends to call Dr. Jackson as a fact witness in this matter, not as an

---

[1] The merchandise at issue is RYMCO brand electrical metallic tubing finished conduit
("EMT") and intermediate metal conduit ("IMC") produced by Conduit S.A. de C.V., which
Shamrock imported from Mexico (collectively, "imported electric conduit").

expert.  Defendant neglected to depose Dr. Jackson during factual discovery despite ample

opportunity to do so.  Delay of factual discovery in this instance will unduly burden or prejudice

Shamrock.

Defendant has been aware of Dr. Jackson and the testing that he performed on the subject

imported electric conduit since before the outset of this action.  Shamrock submitted Dr.

Jackson's report of his analysis of the merchandise to U.S. Customs and Border Protection along

with Shamrock's protests.  *See*, *e.g.*, Letter from Morris, Manning & Martin, LLP to U.S.

Customs and Border Protection, "Protest by Shamrock Building Materials" at Attachment 17

(June 11, 2019) ("Protest No. 2304-19-100397"), ECF No. 12-5.  Shamrock attached that same

report, to its complaint on May 20, 2020.  *See* Plaintiff's Complaint at Attachment, Shamrock

Building Materials, Inc. v. United States, No. 20-00074 (Ct. Int'l Trade May 20, 2020), ECF No.

10.

A second report, in which Dr. Jackson replicated the testing performed by Defendant at

CBP's Houston lab, was provided with Plaintiff's response to Defendant's first request for

production on February 23.  *See* Plaintiff's Responses to the Defendant's First Requests for

Production at Exhibit 2, Exhibit 3, Shamrock Building Materials, Inc. v. United States, No. 20-

00074 (Ct. Int'l Trade Feb. 23, 2021).[2]  In that same response, Shamrock informed Defendant

that "Plaintiff does not intend to call an expert witness in this matter."  Pl.'s Ex. 1 at 15.  Further,

on February 8, 2021, Shamrock's counsel expressed to Defendant that it is "not treating { Dr.

Jackson's report } as an expert report."  Email from Patrick D. Gill, Of Counsel, Sandler, Travis

& Rosenberg, P.A. to Peter A. Mancuso, Trial Attorney, U.S. Dep't of Justice, "Shamrock

Building Materials Inc. v. United States, Court No. 20-00074" (Feb. 8, 2021)(on record with

---

[2] Excerpts are attached herein as **Plaintiff's Exhibit 1** ("Pl.'s Ex. 1").

Shamrock's counsel).  Accordingly, Defendant has been on notice that Shamrock does not intend

to call Dr. Jackson as an expert witness since February 8, 2021, but at the least since February

23, 2021.  Nevertheless, Defendant neglected to request to depose Dr. Jackson until September

27, 2021, less than three-weeks before the close of factual discovery.  By that point Defendant

had already scheduled another deposition in this matter in Washington D.C. for October 13,

thereby, rendering it not practicable to conduct a deposition of Dr. Jackson, who is located in

Houston, before the close of factual discover on October 15.

Defendant contends that, regardless of Shamrock's express designation of Dr. Jackson as

a fact witness, Defendant considered Dr. Jackson to be an expert and thus "made the reasoned

decision to schedule Dr. Jackson's deposition during the expert discovery portion of the current

scheduling order."  Def.'s Mot. at 3, ECF No. 24.  This contention is unavailing.  As Defendant

has been aware since February, Dr. Jackson's testimony, embodied in two laboratory reports that

have been disclosed to Defendant, concerns testing that he performed on samples of Plaintiff's

conduit and the results obtained.  Dr. Jackson is not being asked to render an opinion, but merely

to explain what he did, and what the result was.

Defendant's position also disregards the fact that it has designated its own lab analyst,

Mr. Steven A. Santangelo of CBP's Houston laboratory, as a fact witnesses, not an expert.  Like

Dr. Jackson, Mr. Santangelo conducted tests on samples of the subject imported electric conduit

and reported on the results of that testing.  *See* Defendant's Rule 26(a)(1) Initial Disclosures at 2,

Attachment B, Shamrock Building Materials, Inc. v. United States, No. 20-00074 (Ct. Int'l Trade

Oct. 14, 2020).  Indeed, Dr. Jackson and Mr. Santangelo conducted nearly identical analyses of

the imported electric conduit to test the exact same property – whether the coating on the interior

of the conduit provides electrical insulation.  *Compare* Pl.'s Ex. 1 at Exhibit 2, *with* Defendant's

Rule 26(a)(1) Initial Disclosures at Attachment B.  Yet in its response to Shamrock's first

discovery request, wherein Defendant produced Mr. Santangelo's reports, Defendant did not

identify Mr. Santangelo as an expert.  *See* Defendant's Responses and Objections to Plaintiff's

First Set of Interrogatories and Requests for Production of Documents at 4-5, Shamrock Building

Materials, Inc. v. United States, No. 20-00074 (Ct. Int'l Trade Nov. 16, 2020).[3]  Rather,

Defendant stated, "at this time, the Government has not yet identified an expert which it intends

to call as an expert witness."  Pl.'s Ex. 2 at 4-5.  Thus despite Mr. Santangelo's apparent

"'scientific, technical, or other specialized knowledge' as a purported 'means to understand the

evidence or to determine a fact in issue'" via "an opinion or otherwise," Defendant properly

considered Mr. Santangelo to be a fact witness.  *See* Def.'s Mot. at 3, ECF No. 24.

Shamrock served its notice of deposition on Defendant in June and deposed Mr.

Santangelo in Houston during factual discovery on July 28, 2021 pursuant to Defendant's

characterization of its witness.  *See* Def.'s Mot. at 2.  This was in accordance with an

understanding between the parties that they would, in the words of Defendant's counsel,

"conduct depositions in person over the summer."  Email from Peter A. Mancuso, Trial

Attorney, U.S. Dep't of Justice to Donald B. Cameron, Jr., Partner, Morris, Manning & Martin,

LLP, "Shamrock Building Materials Inc. v. United States, Court No. 20-00074" (Feb. 4,

2021)(on record with Shamrock's counsel).  That deposition was taken at considerable time and

expense to Shamrock.  Defendant offers no explanation whatsoever as to why it could not have

requested a deposition of Dr. Jackson while the parties were already in Houston at that time.

Instead, Defendant now wants plaintiff to again incur the time and expense of returning to

Houston for a second time to conduct this most untimely deposition.  There is simply no excuse

---

[3] Excerpts are attached herein as **Plaintiff's Exhibit 2** ("Pl.'s Ex. 2").

whatsoever for the failure of Defendant to request a deposition of Dr. Jackson at that time since

Defendant was long aware of his report prior to the commencement of the litigation.  This is a

gross abuse of the discovery process by Defendant.

As noted above, however, Defendant has been aware of Dr. Jackson and his findings

since the initiation of this case, and Shamrock notified Defendant in February that it did not

intend to call Dr. Jackson as an expert.  Defendant was informed of the fact before consenting to

the current scheduling order.  *See* Plaintiff's Consent Motion to Extend the Time for Factual

Discovery and Amend the Scheduling Order, Shamrock Building Materials, Inc. v. United

States, No. 20-00074 (Ct. Int'l Trade Mar. 1 2021), ECF No. 22.  Pursuant to USCIT Rule

26(b)(2)(C)(ii), the court "must" limit the extent of discovery if it determines that "the party

seeking discovery has had ample opportunity to obtain the information by discovery in the

action."  Shamrock respectfully submits that Defendant has had ample opportunity, after notice

of Shamrock's treatment of Dr. Jackson, to depose Dr. Jackson.  Defendant has squandered the

opportunity to depose Dr. Jackson despite the ample time to do so within the time period

afforded by the Scheduling Order.  So, now defendant concocts an argument to circumvent the

Scheduling Order by falsely characterizing Dr. Jackson as an expert witness despite the fact that

plaintiff has not designated him as an expert witness and is not calling him to provide "opinion"

testimony.  This attempt is simply disingenuous.

Defendant contends that its proposed extension will not prejudice Shamrock because it

extends "factual discovery to be commensurate with expert discovery."  Facially, Defendant's

proposal imitates fairness, but in reality it is not fair or in conformity with the rules, especially

because the expert discovery period is likely to be fraught with expert discovery.  Just last week,

on September 27, 2021, Defendant informed Shamrock for the first time that it now intends to

5

call an expert in this case.  Defendant has not yet identified its expert nor disclosed an expert

report pursuant to USCIT Rule 26(a)(2).  However, once Shamrock obtains such information it

must engage actively in expert discovery and consider whether it must acquire its own expert.

USCIT Rule 26(d)(3) provides that the court will consider "the parties' and witnesses'

convenience" and "the interests of justice" when determining the sequence of discovery.  USCIT

R. 26(d)(3).  Extending factual discovery in this instance will serve neither end.  If Shamrock

determines that it needs an expert once it reviews Defendant's expert report, Shamrock must then

find an appropriate expert and work with the expert for Shamrock's case in this action.

Coordinating a deposition of another fact witness, or conducting other factual discovery

exchanges, during the expert discovery period will unduly burden Plaintiff.  Simultaneously

conducting both factual and expert discovery will detract from the limited time and resources

that Shamrock will have to engage substantively with Defendant's expert report and its own

expert, if any.

Additionally, factual discovery should be completed before expert discovery in this case

so that the experts have time to consider and opine on the facts that have been discovered.

Federal Rule of Evidence 703 contemplates that the basis of an expert's opinion includes the

"facts or data in the case."  Fed R. Evid. 703.  Providing for factual discovery and expert

discovery to run a contemporaneous time period forecloses opportunities that an expert would

otherwise have to examine *all* of the facts in this case once factual discovery is closed.  The

court's scheduling order acknowledges that expert and factual discovery should be conducted

sequentially, with expert discovery following the close of factual discovery.  *See* Order,

Shamrock Building Materials, Inc. v. United States, No. 20-00074 (Ct. Int'l Trade Mar. 2, 2021),

ECF No. 23.  Accordingly, Defendant's suggestion that an extension to November 30, 2021 in

this case would be fair or impartial ignores the consequences that will disproportionately impact

Shamrock as a result of the Defendant's request.

Lastly, Shamrock notes that it issued a third request for production to Defendant on

August 30, 2021.  Shamrock has consented to an extension of time until November 3, 2021 for

Defendant to respond to that request.  Accordingly, Shamrock supports a limited extension of

time for factual discovery pursuant to USCIT Rule 29(b) for the sole purposes of Defendant's

outstanding response to Shamrock's request for production.  Shamrock respectfully opposes any

other factual discovery beyond the current October 15, 2021 deadline.  Should the Court deem it

helpful, we would welcome the opportunity to participate in a conference call with, or virtual

argument before, the court.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's

Motion to Amend the Scheduling Order.

Respectfully submitted,

**MORRIS MANNING & MARTIN LLP**
1401 Eye Street, NW, Suite 600
Washington, D.C. 20005
(202) 216-4811

/s/ R. Will Planert
Donald B. Cameron
Julie C. Mendoza
R. Will Planert
Brady W. Mills
Mary S. Hodgins
Eugene Degnan
Edward J. Thomas III
Jordan L. Fleischer
Nicholas C. Duffey

**SANDLER TRAVIS & ROSENBERG, P.A.**
675 Third Avenue, Suite 1805
New York, NY 10178
(212) 549-0150

/s/ Michael S. O'Rourke
Michael S. O'Rourke
Patrick D. Gill

*Attorneys for Plaintiff*

Dated:  October 6, 2021

8