Slip Op. No. 21-143

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SHAMROCK BUILDING MATERIALS, INC., | |
| Plaintiff, | Before: Timothy C. Stanceu, Judge |
| v. | Court No. 20-00074 |
| UNITED STATES, | |
| Defendant. | |

## OPINION AND ORDER

[Granting in part, and denying in part, defendant's motion to resolve a discovery dispute between the parties by means of a modification of the schedule governing this litigation.]

*Peter A. Mancuso*, Trial Attorney, Department of Justice, Civil Division, U.S. Department of Justice, of New York, New York, for defendant. With him on the submission were *Brian M Boynton*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, Commercial Litigation Branch, of Washington, D.C., and *Justin R. Miller*, Attorney-In-Charge, International Trade Field Office, of New York, New York, for defendant.

*R. Will Planert*, Morris Manning & Martin, LLP, of Washington, D.C. for plaintiff. With him on the submission were *Donald B. Cameron*, *Julie C. Mendoza*, *Brady W. Mills*, *Mary S. Hodgins*, *Eugene Degnan*, *Edward J. Thomas III*, *Jordan L. Fleischer*, and *Nicholas C. Duffey*.

*Michael S. O'Rourke*, Sandler Travis & Rosenberg, P.A., of New York, New York, for plaintiff. With him on the submission was *Patrick D. Gill*.

Dated: October 14, 2021

Stanceu, Judge. In this litigation involving a dispute as to the tariff classification

of plaintiff's imported merchandise, defendant moves for an amendment of the

scheduling order to extend the time to complete factual discovery from the current

deadline of October 15, 2021 to November 30, 2021.  Mot. to Amend Scheduling Order

(Oct. 4, 2021), ECF No. 24 ("Def.'s Mot.").  Defendant's motion is intended to resolve a

discovery-related dispute between the parties arising out of defendant's desire to take

the deposition of a witness plaintiff intends to call to testify on an issue material to the

classification of the merchandise at issue.

   Plaintiff Shamrock Building Materials, Inc. ("Shamrock") opposes defendant's

motion, alleging that the motion lacks good cause and would be prejudicial to its

interests.  Pl.'s Opp'n to Def.'s Mot. to Amend Scheduling Order (Oct. 6, 2021), ECF

No. 27 ("Pl.'s Opp'n").  The court declines to modify the schedule in the manner that

defendant's motion contemplates but orders further proceedings to resolve the

underlying dispute concerning discovery.

## I. BACKGROUND

   Shamrock brought this action to contest the denial by U.S. Customs and Border

Protection ("Customs") of its protests directed to the tariff classification by Customs of

its imported merchandise, which Shamrock describes as "certain electrical conduit."

Compl. ¶ 1 (May 20, 2020), ECF No. 10.

   After the court adopted a schedule developed jointly by the parties, Shamrock,

with defendant's consent, moved to extend, by seven to eight months, the time limits

for completing discovery and to adjust the remaining schedule accordingly.  Consent

Mot. to Extend the Time for Factual Disc. and Amend Scheduling Order (Mar. 1, 2021),

ECF No. 22.  The court granted plaintiff's consent motion.  Order (Mar. 2, 2021), ECF

No. 23.  Under the current schedule, factual discovery is to be completed by October 15,

2021, expert discovery is to be completed by November 30, 2021, remaining motions

addressed to preliminary matters are to be submitted by December 21, 2021, dispositive

motions are to be submitted by February 15, 2022 and, in the absence of a dispositive

motion, requests for trial are to be submitted by March 1, 2022.  *Id.* at 1–2.

While moving to extend the factual discovery period to November 30, 2021,

defendant's motion would leave unchanged the remaining dates in the existing

schedule.  Def.'s Mot. 1.  Defendant states that it is seeking the additional time to

conduct factual discovery "due to the Government's desire to take the deposition of one

additional witness disclosed by plaintiff, Dr. Joshua Jackson . . . a metallurgist that

plaintiff hired to conduct tests on the imported merchandise at issue in this matter."

*Id.* at 2.

## II. Discussion

Motions to modify a schedule are governed by USCIT Rule 16(b)(4), which

provides that "[a] schedule may be modified only for good cause and with the judge's

consent."  "When assessing whether good cause has been shown, 'the primary

consideration is whether the moving party can demonstrate diligence.'"  *High Point

Design LLC v. Buyers Direct, Inc.*, 730 F. 3d 1301, 1319 (Fed. Cir. 2013) (quoting *Kassner v.*

*2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (in turn citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir. 2000))).  Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides a trial court discretion to prevent prejudice or hardship to either side.  *See Kassner*, 496 F.3d at 243–44.  The court, therefore, considers two issues: first, should defendant's motion be denied on the ground of a lack of diligence in defendant's endeavoring to meet the October 15 deadline, and, second, would granting defendant's motion cause prejudice or hardship?

For the reasons discussed below, the court concludes that the circumstances do not justify denial of defendant's motion for lack of diligence.  The court, concludes, further, that granting defendant's motion to amend the schedule in the way defendant proposes would cause prejudice to plaintiff.  Therefore, the court is issuing an order designed to resolve, in a way that is fair to both plaintiff and defendant, not only the scheduling dispute between the parties but also the underlying dispute over defendant's desire to take the deposition of Dr. Jackson.

Defendant argues that both parties have been diligent in their efforts to complete factual discovery by the October 15 deadline.  The government states that it "has responded to two requests for the production of documents from plaintiff and is in the process of responding to a third."  Def.'s Mot. 2.  It adds that "[w]e have responded to two sets of interrogatories issued by plaintiff and a set of requests for admissions" and

"has produced two witnesses for deposition" and "is taking the deposition of plaintiff,

pursuant to USCIT Rule 30(b)(6), on October 13, 2021." *Id*.

Plaintiff opposes defendant's motion on two grounds. It argues, first, that

defendant, having had ample opportunity to plan for and to take the deposition of

Dr. Jackson during the period for factual discovery ending on October 15, failed to

exercise diligence and therefore cannot show good cause for a modification of the

existing schedule. Pl.'s Opp'n 1–2. Plaintiff informs the court that defendant has been

aware since last February that plaintiff intends to call Dr. Jackson as a fact witness, not

as an expert witness. *Id*. at 1–2, 3. According to plaintiff, "Defendant neglected to

request to depose Dr. Jackson until September 27, 2021, less than three-weeks before the

close of factual discovery," by which point "Defendant had already scheduled another

deposition in this matter in Washington, D.C. for October 13, thereby, rendering it not

practicable to conduct a deposition of Dr. Jackson, who is located in Houston, before the

close of factual discovery on October 15." *Id*. at 3. Plaintiff argues, further, that

"Defendant offers no explanation whatsoever as to why it could not have requested a

deposition of Dr. Jackson while the parties were already in Houston" during late July of

2021 and "now wants plaintiff to again incur the time and expense of returning to

Houston for a second time to conduct this most untimely deposition." *Id*. at 4.

Defendant emphasizes the importance of its having the opportunity to take the

deposition of Dr. Jackson. Def.'s Mot. 2. "Specifically, Dr. Jackson conducted tests to

determine whether the interior coating of the imported merchandise insulates against electricity, which is a disputed question in this litigation." *Id.* Defendant explains that "[g]iven the scientific, technical, and specialized nature of Dr. Jackson's knowledge, the Government had intended on conducting the deposition of Dr. Jackson during the expert discovery portion of the current scheduling order," that "plaintiff has refused to produce Dr. Jackson for a deposition during the expert discovery period," and that "[p]laintiff contends that Dr. Jackson is a fact witness and therefore his deposition should be conducted prior to the expiration of factual discovery, which is October 15, 2021." *Id.* at 2–3. Defendant does not agree with plaintiff's position, arguing that the nature of the subject matter to which Dr. Jackson would testify made it reasonable for the government to assume that the deposition could occur during the expert discovery period. *Id.* at 3 (citing Fed. R. Evid. 702). Plaintiff argues to the contrary, contending that defendant was on notice as of February 8, 2021 that Shamrock did not intend to call Dr. Jackson as an expert witness. Pl.'s Opp'n 3. Shamrock states that it has disclosed to defendant two laboratory reports concerning testing Dr. Jackson "performed on samples of Plaintiff's conduit and the results obtained" and that "Dr. Jackson is not being asked to render an opinion, but merely to explain what he did, and what the result was." *Id.*

The court considers it unnecessary to resolve the parties' disagreement as to whether Dr. Jackson properly could be deposed during the expert discovery period.

The court does not reach that issue because it rejects plaintiff's position that the court

should deny defendant's motion for a lack of diligence.  Defendant participated in, and

completed, a number of other discovery-related matters with plaintiff during the factual

discovery period.  It may or may not have been feasible for the parties to arrange for

defendant's taking a deposition of Dr. Jackson in late July of this year, when counsel for

both parties were in Houston, but the court does not, in hindsight, view the

circumstances then existing to have required defendant to make the necessary

arrangements for taking the deposition at that time or else forfeit any opportunity to do

so.  Under all the circumstances, including plaintiff's intention to call Dr. Jackson as a

witness on an issue that is material to this litigation, the court concludes that defendant

should not be denied that opportunity.  The parties could arrange for the deposition to

be conducted at a time convenient to both parties and in a manner designed to avoid

unnecessary expense.

        In addition to arguing that defendant's proposed modification of the schedule

would prejudice Shamrock by imposing the costs and burdens attendant to a deposition

of Dr. Jackson, plaintiff submits that defendant's proposed modification of the schedule

also will prejudice Shamrock by limiting its opportunity to conduct expert discovery

due to the concurrent running of the periods for expert discovery and factual discovery.

According to plaintiff, "the expert discovery period is likely to be fraught with expert

discovery," *id.* at 5, and therefore should continue beyond the allowed period for factual

discovery, as it does in the existing schedule, to which the parties agreed.  Accusing

defendant of a "gross abuse of the discovery process," *id.*, and pointing out that

defendant intends to call an as-yet undisclosed expert witness, plaintiff maintains that

"[s]imultaneously conducting both factual and expert discovery will detract from the

limited time and resources that Shamrock will have to engage substantively with

Defendant's expert report and its own expert, if any." *Id.* at 6.  Plaintiff adds that

"factual discovery should be completed before expert discovery in this case so that the

experts have time to consider and opine on the facts that have been discovered." *Id.*

(citing Fed. R. Evid. 703).  On that last point, the court agrees.

        In resolving the current disputes as to scheduling and also as to the deposition of

Dr. Jackson, the court sees no reason why the schedule could not be modified to allow:

(1) defendant the opportunity to take Dr. Jackson's deposition at a time convenient to,

and in a manner agreeable to, both parties; and (2) extension of the period for expert

discovery beyond November 30, 2021, and beyond the end of the period for factual

discovery, for a length of time sufficient to satisfy plaintiff's concerns as well as any

concerns defendant may have.

        Achieving the court's objectives for resolving the current dispute is likely to

require some revision of the remaining dates in the schedule (i.e., motions on

preliminary matters by December 21, 2021, dispositive motions by February 15, 2022,

and requests for trial by March 1, 2022), but doing so would not appear to the court to

cause unfairness or prejudice to either party.  The court notes, in that regard, that

discovery has proven to be more lengthy and complex than either party initially

contemplated, as shown by plaintiff's previous consent motion to modify the schedule.

*See* Consent Mot. to Extend the Time for Factual Disc. and Amend Scheduling Order 1-2

(Mar. 1, 2021), ECF No. 22; Order (Mar. 2, 2021), ECF No. 23.  The discovery phase of

this case is approaching completion, and the court trusts that reaching agreement on a

modest change in the schedule that will allow the remaining discovery-related matters

to be accomplished cooperatively will not prove to be an insurmountable obstacle.

### III.  CONCLUSION AND ORDER

Therefore, in consideration of defendant's Motion to Amend the Scheduling

Order and plaintiff's opposition thereto, and upon due deliberation, it is hereby

**ORDERED** that defendant's motion be, and hereby is, granted in part and
denied in part; it is further

**ORDERED** that the parties shall consult with the objective of entering into an
agreement that: (1) would modify the schedule so as to allow defendant the opportunity
to take the deposition of Dr. Joshua Jackson at a time convenient to, and in a manner
agreeable to, both parties; and (2) would provide for extension of the period for expert
discovery beyond the end of the period for factual discovery, and incorporating that
agreement into a joint or consent motion to modify the schedule; and it is further

**ORDERED** that, in the unlikely event that the parties fail to reach an agreement
on a modified schedule that is consistent with the directives in this Opinion and Order,
the parties shall submit, by no later than November 30, 2021, a joint status report
informing the court of the points on which they disagree.

/s/ Timothy C. Stanceu
Timothy C. Stanceu, Judge

Dated:  October 14, 2021
        New York, New York