UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, *SENIOR JUDGE*

| | | |
|---|---|---|
| | : | |
| SHAMROCK BUILDING MATERIALS, INC., | : | |
| | : | |
| Plaintiff, | : | Court No. 20-00074 |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **ORDER**

Upon reading plaintiff's motion to quash the subpoenas served on Mr. Steve Porter and Mr. Adam Marty on November 1, 2021, and the defendant's response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is denied, and it is further

**ORDERED** that the subpoenas are enforced.


_____
Timothy C. Stanceu, Judge


Dated: _____
New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY C. STANCEU, *SENIOR JUDGE*

| | |
|---|---|
| SHAMROCK BUILDING MATERIALS, INC., | : |
| | : |
| Plaintiff, | :   Court No. 20-00074 |
| | : |
| v. | : |
| | : |
| THE UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

### MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION TO QUASH

The United States, defendant (the Government), respectfully submits this memorandum of law in response to plaintiff's motion to quash the subpoenas issued by the Government to Mr. Steve Porter and Mr. Adam Marty, duly served upon these witnesses on November 1, 2021. As will be demonstrated below, plaintiff's motion to quash should be denied because the subpoenas served on Mr. Porter and Mr. Marty are valid under USCIT Rule 45; the Government's need to depose Mr. Porter and Mr. Marty is consistent with this Court's prior discovery orders; and, the issuance of the subpoenas to Mr. Porter and Mr. Marty was made necessary solely due to plaintiff's refusal to engage in a good faith discussion regarding scheduling the depositions of these witnesses.

### FACTUAL BACKGROUND

On October 16, 2020, plaintiff served on the Government Amended Initial Rule 26(a) Disclosures, which listed Mr. Porter and Mr. Marty as "[i]ndividuals who may have discoverable information relevant to the disputed facts alleged with particularity in the pleadings." Def. Ex. 1 at 3. In this disclosure, plaintiff identified 9115 SW Oleson Road #300, Portland, Oregon 97223 as the appropriate address for Mr. Porter and Mr. Marty and stated that these witnesses "are

employees of and potential Rule 3[0](b)(6) witnesses for Plaintiff, and may not be contacted by phone or otherwise by Defendant or its agents." *Id.* 3–4. The location of 9115 SW Oleson Road #300, Portland, Oregon 97223 is the business address for Shamrock Building Materials, Inc. (Shamrock). Def. Ex. 2 at 6:9–16. On August 16, 2021, the Government served plaintiff with a deposition notice pursuant to U.S. Court of International Trade (USCIT) Rule 30(b)(6) seeking the testimony of Shamrock on certain topics provided in the notice. Def. Ex. 3. Plaintiff did not object to the topics listed in the Government's 30(b)(6) notice and represented that it planned to produce the president of Shamrock, Mr. Michael Gambee, on October 13, 2021, to testify on the company's behalf. *See* Def. Ex. 2.

On October 4, 2021, the Government made a motion to amend the scheduling order governing discovery in this matter. *Dkt. No. 24*. Specifically, the Government sought the Court's leave to amend the scheduling order to extend factual discovery to November 30, 2021, in order to conduct the deposition of Dr. Joshua Jackson and "allow the Government an opportunity to request any further discovery that may arise during the Rule 30(b)[(6)] deposition of plaintiff on October 13, 2021." *Id.* at 4. On October 13, 2021, Mr. Gambee testified at a deposition on behalf of Shamrock pursuant to the Government's 30(b)(6) notice. Def. Ex. 2. During the deposition, it became apparent that Shamrock did not fully comply with the Rule 30(b)(6) notice because Mr. Gambee indicated that he lacked knowledge regarding several topics that were specified in the Government's Rule 30(b)(6) notice. Specifically, Mr. Gambee lacked knowledge regarding topics 5, 6, 9, 12, 13 and 19. Def. Ex. 3; Def. Ex. 2 at 19:4–17, 46:18–48:11, 59:11–60:22, 63:4–16, 64:6–13, 123:10–136:10, 141:15–143:19, 160:14–161:9, 162:21–164:2, 166:5–169:6, 171:5–172:17, 199:2–200:12, 210:19–211:6, 240:21–248:19, 254:4–256:22; 263:1–265:14. Moreover, Mr. Gambee repeatedly testified that Mr. Porter and Mr. Marty are the

witnesses that would possess the knowledge that he lacked.  *See* Def. Ex. 2 at 46:18–48:11,
59:11–60:22, 63:4–16, 64:6–13, 160:14–161:9, 210:19–211:6, 240:21–248:19, 254:4–256:22.

On October 14, 2021, this Court granted in part and denied in part the Government's
motion to amend the scheduling order.  *Dkt. No. 29*.  In its order, this Court directed "that the
parties shall consult with the objective of entering into an agreement that: (1) would modify the
schedule so as to allow defendant the opportunity to take the deposition of Dr. Joshua Jackson at
a time convenient to, and in manner agreeable to, both parties; and (2) would provide for
extension of the period for expert discovery beyond the end of the period for factual discovery,
and incorporating that agreement into a joint or consent motion to modify the schedule."  *See Id.*
at 9.

Pursuant to this Court's order, on October 14, 2021, undersigned counsel contacted
plaintiff seeking to discuss an amended scheduling order and proposing that the parties extend all
deadlines by 45 days.  Def. Ex 4.  This amendment would result in factual discovery concluding
on November 30, 2021 and expert discovery concluding on January 15, 2022.  Plaintiff
responded on the same day but did not agree to an amended scheduling order.  Def. Ex. 5.  Over
the next several days the parties discussed the deposition of Dr. Jackson and agreed that his
deposition would be held on December 1, 2021.  On October 19, 2021, undersigned counsel
contacted plaintiff confirming the deposition of Dr. Jackson and again asked for plaintiff's
consent to file an amended scheduling order that extended factual discovery to December 3,
2021 and expert discovery to January 14, 2022.  Def. Ex. 6.  Plaintiff did not respond to this
email.

On October 20, 2021, undersigned counsel contacted plaintiff regarding the depositions
of Mr. Porter and Mr. Marty.  Def. Ex. 7.  After reviewing the transcript of Mr. Gambee's

deposition that occurred on October 13, 2021, undersigned counsel explained that Shamrock

failed to fully comply with the Rule 30(b)(6) notice because, during the deposition, Mr. Gambee

indicated that he was unable to testify regarding certain topics listed in the Government's

30(b)(6) notice and Shamrock did not produce other witnesses at the deposition to cover these

topics.  *Id.*  Mr. Gambee identified Mr. Porter and Mr. Marty as the witnesses with the

knowledge he lacked.  *Id.*

Undersigned counsel explained to plaintiff that the Government needed to depose Mr.

Porter and Mr. Marty and was willing to work with them to arrange these depositions at a date,

time, and location that was convenient for both witnesses and their attorneys.  *Id.*  Deposition

notices for Mr. Porter and Mr. Marty were attached to this e-mail correspondence.  On the same

day, plaintiff contacted undersigned counsel to discuss the status of the Government's expert

witness report.  Def. Ex. 8.  Plaintiff agreed that factual discovery should conclude on December

3, 2021, but stated that it could not agree to a date that expert discovery should conclude.  *Id.*

Furthermore, plaintiff did not respond to the Government's request to depose Mr. Porter and Mr.

Marty.  *Id.*

On October 25, 2021, undersigned counsel contacted plaintiff for a second time seeking

to schedule the depositions of Mr. Porter and Mr. Marty at a date, time and location that was

convenient for both witnesses and their attorney.  Def. Ex. 9.  Plaintiff did not respond to this e-

mail correspondence.  On October 28, 2021, undersigned counsel contacted plaintiff for a third

time seeking to schedule the depositions of Mr. Porter and Mr. Marty and included courtesy

copies of the subpoenas the Government intended to serve on these witnesses if a response was

not forthcoming.  Def. Ex. 10.  Plaintiff did not respond to this e-mail correspondence.

Because plaintiff had ignored the Government's attempt to schedule depositions of Mr. Porter and Mr. Marty at a date, time and location that was convenient for both witnesses and their attorneys, the Government served the subpoenas on the witnesses, directing them to appear for testimony on November 23 and 24, 2021, at a location in Portland, Oregon that was within 100 miles of Shamrock's business address.  Def. Ex. 11.  On November 1, 2021, the above subpoenas were personally served on Mr. Porter and Mr. Marty.  *Id.*

## ARGUMENT

### I.   THE SUBPOENAS ARE VALID AND SHOULD BE ENFORCED

Plaintiff contends that the subpoenas should be quashed because they were served in contravention of USCIT Rule 45.  Pl. Motion to Quash at 1–2 (*Dkt. No. 30*).  According to plaintiff, because the witnesses are currently working from remote locations they cannot be compelled to testify within 100 miles from where they are employed.  Plaintiff is incorrect.

USCIT Rule 45 requires that a subpoena must be served by "delivering a copy to the named person" and that "subpoena may command a person to attend a deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person." USCIT Rule 45(b)(1), (c)(1)(A).  Here, Mr. Porter and Mr. Marty are employed by Shamrock, which is located at 9115 SW Oleson Road #300, Portland, Oregon 97223.  Def. Ex. 2 at 6:11–16; Def. Ex. 1 at 3–4.  Plaintiff listed this address as the appropriate address for both witnesses on plaintiff's Amended Initial Rule 26(a) Disclosures.  Def. Ex. 1 at 3.  The Government has a right to rely upon the representations made by plaintiff in its discovery responses.  The Government subpoenaed Mr. Porter and Mr. Marty to appear for a deposition at 1000 SE Broadway, Suite 1660, Portland, Oregon 97223, which is located ten miles from Shamrock's business address.

Def. Ex. 11.  Therefore, the subpoenaed issued to Mr. Porter and Mr. Marty are valid under USCIT Rule 45 and should not be quashed.

Notably, there is an important distinction in the language of Rule 45.  When a subpoena commands a person to attend a deposition within 100 miles of where the person "regularly transacts business," the Rule imposes a further qualification for the location — *i.e.*, "where the person … regularly transacts business *in person*."  Rule 45(c)(1)(A) (emphasis added).  This limitation — "in person" — does not exist when the subpoena commands the person to attend a deposition within 100 miles of where the person "is employed."  In this case, the subpoena commanded the witnesses to appear for their deposition within 100 miles of where the witnesses are employed, and therefore the "in person" qualifier is not applicable.  *See Russello v. United States*, 464 U.S. 16, 23 (1983) *quoting United States v. Wong Kim Bo*, 472 F.2d 720, 722 (5th Cir. 1972) (holding that when "Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposefully in the disparate inclusion or exclusion.").

Notwithstanding the need to subpoena the appearances of the witnesses, we wish to reiterate that the Government stands ready to conduct the depositions of Mr. Porter and Mr. Marty at a date, time, and location that is convenient for both witnesses and their attorney.  The issuance of the subpoenas at a location in Portland, Oregon on November 23rd and 24th was necessitated by plaintiff ignoring the Government's requests to schedule these depositions through a good faith conversation.  *See supra* 3–5.  Should plaintiff decide to engage regarding the depositions, we are willing to work out these details.

## II.   THE SUBPOENAS ARE NOT IN CONFLICT WITH THIS COURT'S PRIOR DISCOVERY ORDERS

Plaintiff claims that the Government's subpoenas violates this Court's prior discovery orders.  Pl. Motion to Quash at 2–3 (*Dkt. No. 30*).  Again, plaintiff seeks to put limitations on the Government's ability to conduct discovery that do not exist.

On October 1, 2021, the Government made a motion to amend the scheduling order dated March 1, 2021.  *Dkt. No. 24*.  Specifically, the Government sought the Court's leave to extend factual discovery to November 30, 2021 to conduct the deposition of Dr. Joshua Jackson and to "allow the Government an opportunity to request any further discovery that may arise during the Rule 30(b)[(6)] deposition of plaintiff on October 13, 2021." *Dkt. No. 24* at 4.  In our motion, we did not seek to extend expert discovery beyond November 30, 2021, out of consideration for the timely disposition of this matter.  *Id.*  Plaintiff opposed this motion and claimed, among other things, that it would be prejudiced by factual discovery and expert discovery concluding on the same day.  *Dkt. No. 27* at 6.

On October 14, 2021, this Court granted in part and denied in part the Government's motion.  *Dkt. No. 29*.  The Court agreed with plaintiff that factual discovery should be completed prior to expert discovery.  *Dkt. No. 29* at 8.  In its order, the Court directed "that the parties shall consult with the objective of entering into an agreement that: (1) would modify the schedule so as to allow defendant the opportunity to take the deposition of Dr. Joshua Jackson at a time convenient to, and in manner agreeable to, both parties; and (2) would provide for extension of the period for expert discovery beyond the end of the period for factual discovery, and incorporating that agreement into a joint or consent motion to modify the schedule." *See Id.* at 9.  However, this Court's order did not limit discovery to solely the deposition of Dr. Jackson.  Rather, it directed the parties to propose a schedule where both fact and expert witness discovery

are extended, but with the period for expert witness discovery closing after the period for fact

discovery. *Dkt. No. 29* at 8.   Furthermore, USCIT Rule 30 provides that "[a] party may, by oral

questions, depose any person, including a party, without leave of court except as provided in

Rule 30(a)(2) and [t]he deponent's attendance may be compelled by subpoena under Rule 45."

Thus, it is not a violation of this Court's discovery orders for the Government to seek the

depositions of Mr. Porter and Mr. Marty via a Rule 45 subpoena.

## III. THE DEPOSITIONS OF MR. PORTER AND MR. MARTY ARE NECESSARY TO THE GOVERNMENT'S DEFENSE IN THIS ACTION AND ISSUING SUBPOENAS FOR THEIR TESTIMONY WAS NECCESSITATED BY PLAINTIFF IGNORING THE GOVERNMENT'S CORRESPONDENCE

Finally, plaintiff contends that the depositions of Mr. Porter and Mr. Marty are not

necessary and that subpoenaing these witnesses to testify during the week of Thanksgiving

would subject them to an undue burden.  Pl. Motion to Quash at 3–4 (*Dkt. No. 30*).  However,

these claims must be weighed against plaintiff's actions during discovery.

First, plaintiff's discovery responses indicate that Mr. Porter and Mr. Marty are witnesses

with discoverable knowledge.[1]  Plaintiff's Amended Initial Rule 26(a) Disclosures list Mr. Porter

and Mr. Marty as "[i]ndividuals who may have discoverable information relevant to the disputed

facts alleged with particularity in the pleadings."  Def. Ex. 1 at 3.  Additionally, Plaintiff's

Responses to the Defendant's First Set of Interrogatories state that both Mr. Porter and Mr.

---

[1] In its motion to quash, Plaintiff states that "[t]he two witnesses which defendant seeks to depose are salesmen who sell the imported product.  They are not engineers but merely salesmen.  It is difficult to conjure any deposition testimony that they could give would be probative, one way or the other, on whether the imported articles are lined with insulating material."  Pl. Motion to Quash at 3–4 (*Dkt. No. 30*).  If that is indeed the case, then plaintiff should withdraw the identification of these individuals as potential witnesses in this case, and agree not to submit any testimony on their behalf, either in support of a motion for summary judgment or during any subsequent trial.  If plaintiff agrees not to rely on the testimony of Mr. Porter or Mr. Marty during these proceedings, the Government will withdraw the subpoenas for their deposition.

Marty have "personal knowledge of the factual matters relating to the allegations set forth in the Complaint" and "provided plaintiff with the information necessary to respond to [the Government's] interrogatories." Def. Ex. 12 at 1–3.

Second, because Shamrock failed to fully comply with the Rule 30(b)(6) deposition notice by producing a witness to testify on every topic listed in the notice, the Government needs to depose Mr. Porter and Mr. Marty to obtain the information that Mr. Gambee lacked. Unlike other deponents, persons deposed as corporate designees under Rule 30(b)(6) must testify on matters "not only within his or her personal knowledge, but also on matters reasonably known by the responding entity." *All. for Glob. Justice v. District of Columbia*, 437 F.Supp.2d 32, 37 (D.D.C. 2006). "Proper preparedness for a Rule 30(b)(6) deposition requires the good faith of both parties." *CMI Roadbuilding, Inc. v. Iowa Parts, Inc.*, 322 F.R.D. 350, 360–361 (N.D. Iowa 2017) "[T]he requesting party must reasonably particularize the subjects about which it wishes to inquire." *Dwelly v. Yamaha Motor Corp.*, 214 F.R.D. 537, 540 (D. Minn. 2003). In return, "the responding party must make a conscientious, good-faith effort to designate knowledgeable persons . . . and to prepare them to fully and unevasively answer questions about the designated subject matter." *Id.*

Here, the Government issued a deposition notice to Shamrock pursuant to USCIT Rule 30(b)(6) on August 16, 2021. Def. Ex. 3. The deposition notice listed 19 particularized subjects about which we wished to inquire. *Id.* Plaintiff did not object to the Government's USCIT Rule 30(b)(6) notice and designated Mr. Gambee as its corporate witness. Pl. Ex. 2. However, Mr. Gambee was unable or unprepared to fully testify regarding numerous subjects listed in the Government's notice — specifically topics 5, 6, 9, 12, 13 and 19 — and testified numerous times that Mr. Porter and Mr. Marty were the witnesses that possess the knowledge that he lacked.

Def. Ex. 2 at 19:4–17, 46:18–48:11, 59:11–60:22, 63:4–16, 64:6–13, 123:10–136:10, 141:15–143:19, 160:14–161:9, 162:21–164:2, 166:5–169:6, 171:5–172:17, 199:2–200:12, 210:19–211:6, 240:21–248:19, 254:4–256:22; 263:1–265:14.  Thus, Mr. Gambee's inability to testify regarding certain relevant topics necessitates the depositions of Mr. Porter and Mr. Marty.

Third, the Government was forced to issue subpoenas for Mr. Porter and Mr. Marty at the date and location listed in the subpoenas because plaintiff was unwillingness to engage in a good faith discussion to schedule these depositions.

Immediately following this Court's order dated October 14, 2021, the Government began diligently working to reach an agreement with plaintiff to modify the discovery schedule and complete factual discovery in a timely manner.  On October 14, 2021, undersigned counsel contacted plaintiff seeking to discuss an amended scheduling order and proposing that the parties extend all deadlines by 45 days, which would result in factual discovery concluding on November 30, 2021.  Def. Ex 4.  Plaintiff responded on the same day but did not agree to the Government's proposal.  Def. Ex. 5.  On October 19, 2021, the parties agreed that the deposition of Dr. Jackson would take place on December 1, 2021, and undersigned counsel asked for plaintiff's consent to file an amended scheduling order that extended factual discovery to December 3, 2021 and expert discovery to January 14, 2022.  Def. Ex. 6.  Plaintiff did not respond to this request.

On October 20, 2021, undersigned counsel contacted plaintiff seeking to arrange for the depositions of Mr. Porter and Mr. Marty.  Def. Ex. 7.  Undersigned counsel made it clear that the Government was willing to work with plaintiff to arrange these depositions at a date, time, and location that was convenient for both witnesses and their attorneys.  *Id.*  Indeed, we proposed

several dates and locations where the depositions could be held.  *Id.*  Plaintiff did not respond to the Government's first request to depose Mr. Porter and Mr. Marty.

On October 25, 2021, undersigned counsel contacted plaintiff for a second time seeking to schedule the depositions of Mr. Porter and Mr. Marty at a date, time and location that was convenient for both witnesses and their attorney.  Def. Ex. 9.  Plaintiff did not respond Government's second request to depose Mr. Porter and Mr. Marty.  On October 28, 2021, undersigned counsel contacted plaintiff for a third time seeking to schedule the depositions of Mr. Porter and Mr. Marty.  Def. Ex. 10.  Plaintiff did not respond Government's third request to depose Mr. Porter and Mr. Marty.

We did not issue subpoenas for Mr. Porter and Mr. Marty's testimony until it was apparent that plaintiff was unwilling to engage in a good faith discussion regarding conducting these depositions within the agreed upon factual discovery period.  Indeed, plaintiff ignored three requests to schedule these depositions.  Def. Ex. 7; Def. Ex. 9; Def. Ex. 10.  Thus, issuing subpoenas to Mr. Porter and Mr. Marty compelling them to submit to a deposition in Portland, Oregon on November 23rd and 24th was the Government's only available procedural mechanism for obtaining their testimony which is relevant to our defense of this action.

As stated above, the Government remains willing to work with plaintiff to conduct the depositions of Mr. Porter and Mr. Marty at a date, time, and location that is convenient for both witnesses and their attorney.

WHEREFORE, the Government respectfully requests that plaintiff's motion to quash be denied.

BRIAN M. BOYNTON
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

_____/s/ Justin R. Miller_____
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:      _____/s/ Peter A. Mancuso_____
PETER A. MANCUSO
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Room 346
New York, New York 10278
Tel. (212) 264-0484 or 9230
*Attorneys for Defendant*

Dated: November 10, 2021